NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN VICENTY,<br><br>             Plaintiff,<br><br>          v.<br><br>RORY BUCHANAN, et al.,<br><br>             Defendants. | Civil Action No. 24-10999 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint (ECF No. 3) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 6). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

I.      **BACKGROUND**

Plaintiff is a state prisoner currently awaiting trial on unspecified charges. (ECF No. 3 at 3-4.) In his amended complaint, Plaintiff asserts that he was detained in a police station on April

23, 2024, for several hours before he was told he would not be arrested, waived his rights, and then spoke with police. (*Id.*) Plaintiff contends that this interrogation was in violation of his Fifth Amendment rights, but does not elaborate on why he believes this to be the case. (*Id.*) Plaintiff also asserts that one of the Defendants "lied" to secure a search warrant, but does not detail what the lie was, how it affected the warrant, or the like. (*Id.*) Finally, Plaintiff alleges he is being maliciously prosecuted for "false charges" on which he does not elaborate and that his appointed counsel is ineffective. (*Id.*) Plaintiff, however, does not name his counsel, as a Defendant, and thus does not appear to be pursuing a claim for ineffective assistance of counsel at this time. (*Id.* at 2.)

## II.    **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.    **DISCUSSION**

In his complaint, Plaintiff appears to be raising claims for false arrest, false imprisonment, malicious prosecution, a violation of his self-incrimination rights, and a violation of his Fourth Amendment rights in light of a search arising out of an allegedly faulty warrant. Plaintiff names as Defendants two police officers, the Paterson Police Department, and the State of New Jersey. Neither the Paterson Police Department nor the State of New Jersey are persons subject to suit under federal civil rights laws, and any claims Plaintiff has against them must therefore be

dismissed with prejudice at this time. *See, e.g., Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013).

Turning to Plaintiff's Fifth Amendment claim, Plaintiff appears to be alleging that he was interrogated improperly without a valid waiver of his rights in light of the alleged lies of the officers and the time he was meant to remain in the police station before he waived his rights. Even if Plaintiff could show that there was a violation of his *Miranda* rights, it does not follow that he can state a claim for a violation of his Fifth Amendment rights in a civil rights suit. This is because while *Miranda* and its progeny concerning proper warnings prior to custodial interrogation announced prophylactic rules designed to protect a criminal defendant's rights, a violation of a prisoner's Fifth Amendment rights against self-incrimination occurs only when an allegedly improper confession is used against him *at trial. See Chavez v. Martinez*, 538 U.S. 760, 773 (2003); *Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003); *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994); *see also Large v. Cnty. Of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009). As Plaintiff has yet to go to trial and does not allege his statements were used against him at trial, he fails to state a plausible claim for relief related to his right against self-incrimination. His Fifth Amendment claims must therefore be dismissed without prejudice at this time.

Plaintiff's false arrest, false imprisonment, and malicious prosecution claims all suffer from a shared flaw. In order to plead any of those claims, Plaintiff must allege facts indicating that the police acted in the absence of probable cause in arresting, imprisoning, or prosecuting him. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment). Plaintiff fails to plead any facts at all regarding probable cause in his amended complaint, relying instead on blanket conclusory allegations that the charges against him are false without elaboration. Because Plaintiff has not

pled facts indicating a lack of probable cause, his malicious prosecution,[1] false arrest, and false imprisonment claims all fail to state a plausible basis for relief and must be dismissed without prejudice as such.

In his final claim, Plaintiff alleges that an officer lied to secure a warrant to search Plaintiff's home.[2] In order to show a violation of a plaintiff's Fourth Amendment rights based on such a fact pattern, a Plaintiff must plead facts which satisfy the standard set forth in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), *i.e.*, that the officer who made the statement acted with at least deliberate indifference to the truth or falsity of his statements, and that the officer so acting made material false statements or omissions which affected the court's finding of probable cause in issuing a warrant. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Plaintiff has pled no such facts, and instead relies on his conclusory allegation that the officer in some way lied in securing the warrant. Without facts as to what the nature of the misstatement was, and sufficient factual allegations to permit the inference that the misstatement was material to probable cause, Plaintiff fails to state a plausible basis for relief, and his Fourth Amendment claim must therefore be dismissed without prejudice at this time. Because all of Plaintiff's claims fail to state a plausible claim for relief, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

---

[1] Malicious prosecution also requires that a plaintiff plead facts indicating that the charges terminated in his favor. *See Halsey*, 750 F.3d at 296-97. As Plaintiff's charges are pending and have yet to conclude in his favor, he fails to state a plausible malicious prosecution claim for that reason as well.

[2] In his amended complaint, Plaintiff states only that the police got a warrant to search the "victim's" home. (ECF No. 3 at 5.) Although Plaintiff's amended complaint replaces and renders a nullity his initial complaint, a review of the initial complaint clarifies that Plaintiff views himself as the victim of an event preceding his arrest, and that the premises searched were a multifamily property Plaintiff alleges that he owns.

## IV.   <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 6) is

**GRANTED**; and Plaintiff's amended complaint (ECF No. 3) shall be **DISMISSED WITHOUT**

**PREJUDICE**.  An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge